## Commonwealth v. Edeburn.

*Mayer Sniderman,* for petitioner.

EVANS, P. J., Jan. 5, 1928.—The relator was arrested on a warrant issued on an indictment charging the said relator with committing the crime of non-support of minor children in the County of Ashtabula, in the State of Ohio, and by a requisition the Governor of Ohio demanded of the Governor of Pennsylvania the arrest and removal of the said relator as a fugitive from justice. The Governor of Pennsylvania honored the requisition, the relator was arrested, and on the completion thereof a writ of *habeas corpus* was issued, which came before this court for disposition.

The relator was married to the mother of the minor children, which it is alleged that the relator has criminally left in the State of Ohio, refusing to support said children. In November, 1919, and for something more than three years until January, 1923, he and his wife and one child lived together in New Kensington, Westmoreland County, of this State, and in January of 1923 the wife, Gertrude Kuhn, without the knowledge of her husband and without any reasonable cause, left his home in New Kensington, Pennsylvania, and returned to the home of her parents in Ashtabula, Ohio, and took with her the older of the two children, which, it is alleged, he has now refused to support. Almost immediately after her desertion, he was taken to the Citizens' General Hospital of New Kensington, Pennsylvania, and was there continuously for about four months. During that time his wife did not visit her husband, or, so far as he knows, make any attempt to ascertain what his condition was. After he got out of the hospital he was unable to go to work and went to Ashtabula, Ohio, and spent some little time there—about two months—and he tried to get her to return with him to live in Pennsylvania. He was, during this time, unable to work.

She refused to go back with him, and when he returned to New Kensington, he returned to the hospital and was there for several months before he was able to go out and to go to work. During the time that the relator was in the hospital at New Kensington the second child was born. When he was able to return to work, he went to Ashtabula, Ohio, to persuade his wife to live with him again, and she refused to live with him, even in Ashtabula. He

stayed there for a little while; she promised at first that she would return to live with him if he would get a home for her. He got the home and then she refused to live with him. He attempted to earn a living in Ashtabula, but was unable to do so, and he tried to persuade her to come back with him to Pennsylvania, but she refused to come, and shortly after his return to Pennsylvania she began proceedings for divorce.

The wife has now, and always had, her children with her. She has, since the divorce, married, and so has he.

These are the facts not denied, and the defendant has been arrested as a fugitive from justice on an indictment in Ashtabula County, State of Ohio, for the purpose of taking him back there to prosecute him for not supporting his children. We have had some cases similar to this before, where the wife, without cause, leaves her husband in Pennsylvania and goes away to another state to her own family, takes her children with her and makes an information against him there as a fugitive from justice, and attempts to take him to that state and try him for desertion and non-support. I am of opinion that in this case this man is not a fugitive from justice. Where a wife deserts her husband and takes her children with her and refuses to come back to Pennsylvania, and then tries to take him by warrant where she has gone voluntarily without him, we have no hesitancy in releasing him on a writ of *habeas corpus*.                    From William J. Aiken, Pittsburgh, Pa.